**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO VILLASENOR, | No. 11-16887 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03182-JAM-KJN |
| v. | |
| CITY OF FAIRFIELD; FAIRFIELD POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Hugo Villasenor appeals pro se from the district court's judgment dismissing

for lack of prosecution his 42 U.S.C. § 1983 action alleging federal and state law

claims related to police brutality during an arrest.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion in dismissing Villasenor's action in light of the relevant factors, including the pendency of the action for over a year without meaningful prosecution, the risk of prejudice to the defendants from Villasenor's inability to respond to discovery or participate in the action after being deported to Mexico, and the court's consideration of alternatives. *See id.* at 1384-85 (discussing five factors to guide decision and affirming dismissal for failure to prosecute because three factors outweighed the rest); *see also Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant").

Villasenor's letter dated December 26, 2011 is construed as a request to file a supplemental brief, and so construed, is granted. The clerk is directed to file the letter as a supplemental brief.

Villasenor's remaining contentions, including concerning appointment of counsel and being somehow allowed to reenter the United States to be able to prosecute this action, are unpersuasive.

**AFFIRMED.**

2                                                                    11-16887